SAWAYA, J.,
dissenting.
I respectfully dissent because I believe the trial court correctly interpreted and applied the clear provisions of the non-compete agreement. The provision at issue states that
[djuring the term of this Agreement, and for a period of two (2) years after termination thereof, Employee shall not own, manage, operate, control, be employed by, assist, participate in, or have any material interest in any business or profession enyayed in yeneral equine veterinary practice located within a thirty (30) mile radius of 19801, County Road 561, Clermont, Florida [FEVS’s business address].
(Emphasis added).
The trial court ruled that the non-compete agreement “prohibited Dr. Farmer from practicing equine veterinary medicine within a 30-mile radius of [FEVS’s] office ... for a period of two years” and also prohibited Dr. Farmer from soliciting any “past, present or prospective clients of FEVS.” Specifically, it found that the geographic restriction “is not limited to the location of Dr. Farmer’s office as Defendants have asserted” and that Dr. Farmer
“engages in general equine veterinary practice” anytime and anywhere she treats a horse. The location of her actual office is of no consequence. The issue is where she practices. The Court does not believe it was the intent of the parties to allow Dr. Farmer to set up an office just outside the 30-mile radius and allow Dr. Farmer and Equine Performance Veterinary Practice, LLC (“EPVP”) to treat FEVS’s clients within the restricted area.
4. The Court is required to resolve any ambiguity in the language of a non-compete agreement in favor of enforcement. The language must be interpreted “in *531 favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement” of the agreement. § 542.335(l)(h), Fla. Stat. (2010).
I believe the trial court got it right. The emphasized portion of this agreement clearly prohibits the former employee, Heather Heiderich Farmer, from engaging or participating in the practice of veterinary medicine within the proscribed area.[2] Accordingly, the trial court was correct in granting the temporary injunction and prohibiting Dr. Farmer from practicing veterinary medicine within a 30-mile radius of FEVS’s facility and from soliciting current and former clients of FEVS until June 30, 2012 — that is precisely what the non-compete agreement provides.
Furthermore, the decision to grant the temporary injunction is in accord with the provisions of section 542.335(l)(h), Florida Statutes (2010), which provides:
A court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement. A court shall not employ any rule of contract construction that requires the court to construe a restrictive covenant narrowly, against the restraint, or against the drafter of the contract.
I believe that the trial court’s interpretation of the non-compete agreement comports with these statutory dictates and that the majority’s decision does not. Accordingly, I would affirm the temporary injunction entered by the trial court.

. The evidence was uncontroverted that Dr. Farmer, within the proscribed area, treated horses belonging to former clients of Florida Equine Veterinary Services, Inc., and others, which clearly constitutes the enjoined act of participating in a profession engaged in the practice of veterinary medicine.